```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

THE SMOKIN' KNIGHT, INC.,

    Plaintiff,

v.                          Case No:  2:23-cv-1217-JES-KCD

NAUTILUS INSURANCE COMPANY,

    Defendant.

_____

## OPINION AND ORDER

    This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #7) filed on January 2, 2024.  Plaintiff was granted an extension of time to respond.  (Doc. #13.)  No response has been filed, the time to respond has expired, and the Court treats the motion as unopposed.

    The one-count Complaint (Doc. #6) asserts a claim for breach of contract.  Nautilus Insurance Company (Nautilus) issued a commercial insurance policy (the Policy) to Plaintiff The Smokin' Knight, Inc. (Knight or Plaintiff) covering certain property in Port Charlotte, Florida (the Property).  The Property was damaged by Hurricane Ian, and Knight filed a claim with Nautilus. Nautilus determined that $36,175.00 was owed under the policy.  Knight disagreed with the amount, and on November 13, 2023, filed a Property Insurance Notice of Intent to Initiate Litigation with the Florida Department of Financial Services.  Nautilus served its

Response, which included a request for mediation as an alternative dispute resolution pursuant to Fla. Stat. § 627.70152(4)(b). Three days later, Knight filed suit against Nautilus for failing to pay for the total-loss damage to its building and property caused by Hurricane Ian. Plaintiff asserts this was an inadequate amount and that Nautilus breached the commercial property insurance policy by failing to pay the full amount of damages.

Nautilus now seeks to dismiss the Complaint without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) arguing "[p]laintiff filed suit under the Policy prior to engaging in mediation as demanded in Nautilus' Response to Plaintiff's Notice and failed to comply with the pre-suit requirements set forth in section 627.70152(4)(b), Fla. Stat. The cause of action is premature and inappropriate." (Doc. #7, ¶ 11.)

Fla. Stat. § 627.70152 applies to "all suits arising under a residential or commercial property insurance policy, including a residential or commercial property insurance policy issued by an eligible surplus lines insurer." Fla. Stat. § 627.70152(1). "As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department." Fla. Stat. § 627.70152(3)(a). The insurer must respond in writing within 10 business days, either accepting coverage, continuing to deny coverage, or asserting the right to

2

reinspect the damaged property. Fla. Stat. § 627.70152(4)(a). "If an insurer is responding to a notice provided to the insurer alleging an act or omission by the insurer other than a denial of coverage, the insurer must respond by making a settlement offer or requiring the claimant to participate in appraisal or another method of alternative dispute resolution…. If the appraisal or alternative dispute resolution has not been concluded within 90 days after the expiration of the 10-day notice of intent to initiate litigation specified in subsection (3), the claimant or claimant's attorney may immediately file suit without providing the insurer additional notice." Fla. Stat. § 627.70152(4)(b).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). The Complaint does not specifically assert that Plaintiff participated in mediation or any other alternative dispute resolution process but does state that "[a]ll conditions precedent

3

to obtaining payment of insurance benefits under the Policy have been complied with, met, or waived." (Doc. #6 at ¶ 10.) This is sufficient at this stage of the proceedings to state a plausible claim as the Court must accept it as true. See, e.g., Honick v. Ace Ins. Co. of the Midwest, No. 2:21-CV-637-SPC-NPM, 2021 WL 4804446, at *1 (M.D. Fla. Oct. 14, 2021); Cardelle v. Scottsdale Ins. Co., No. 21-CV-24062, 2022 WL 196294, at *3 (S.D. Fla. Jan. 21, 2022); O'Kelley v. Lexington Ins. Co., No. 1:22-CV-21218, 2022 WL 17583683, at *3 (S.D. Fla. Sept. 16, 2022); Graves v. Great Lakes Ins. SE, No. 2:23-CV-373-SPC-KCD, 2023 WL 8004429, at *1 (M.D. Fla. Nov. 17, 2023). Although plaintiff has failed to oppose the motion, the motion must be denied.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. #7) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of February 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record